873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The BEST WAY DISTRIBUTING COMPANY, A Maryland Corporation;
H & S Distributing Company, Inc., A Maryland Corporation;
Bozick Distributors, Inc., A Maryland Corporation; the
Campbell Distributing Co., A Maryland Corporation; Central
Distributors, Inc., A Maryland Corporation; A.E. Davies
Distributing Co., A Sole Proprietorship Doing Business in
Maryland; Filsinger Distributing, Inc., A Delaware
Corporation, Plaintiffs-Appellants
and
Worcester Beer Wholesalers, Inc., A Maryland Corporation; C
& O Distributors, Inc., A Maryland Corporation;
Choptank Distributing Company, A
Maryland Corporation, Plaintiffs
v.
BROWN-FORMAN CORPORATION, A Tennessee Corporation, Defendant-Appellee.
 No. 88-3168.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 8, 1989.
Decided: April 11, 1989.
Rehearing and Rehearing In Banc Denied May 23, 1989.
 
 Allan Pike Hillman (John J. Kenny, William L. Reynolds, Mary E. Pivec, Frank, Bernstein, Conaway & Goldman, on brief), for appellants.
 Daniel Ray Chemers (David J. Norman, Andrew J. Bowden, Weinberg and Green, on brief), for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The Best Way Distributing Company and its sub-distributors appeal the grant of summary judgment in favor of Brown-Forman Corporation on its claims arising from termination of an oral distribution agreement. We affirm.
 
 
 2
 From 1985 to 1987 Best Way distributed California Cooler products in Maryland through a network of sub-distributors pursuant to an oral distribution agreement with Brown-Forman. When Brown-Forman terminated the agreement in April 1987 on 90 days notice, Best Way filed this action alleging that the agreement was to remain effective as long as Best Way promoted the products and timely paid its bills. In support of this allegation, Best Way presented deposition testimony of California Cooler and Brown-Forman executives. Best Way also presented evidence of an industry practice that such distribution contracts remain in effect unless terminated for just cause or in the event of frustration such as cessation of business.
 
 
 3
 The district court granted summary judgment in favor of Brown-Forman on the breach of contract claim as well as other related quasi-contract and tort claims. The court properly found that even if the contract were construed as Best Way alleged, it was "so 'indefinite in duration' as to be terminable on reasonable notice." Universal Lite Distribs., Inc. v. Northwest Indus., Inc., 602 F.2d 1173, 1175 (4th Cir.1979); see Md.Com.Law Code Ann. Secs. 2-309(2), (3) (1975). Since it is uncontested that 90 days was reasonable notice, the grant of summary judgment in favor of Brown-Forman was appropriate on the breach of contract claim. Furthermore, Best Way concedes that "the essence of this case turns upon resolution of the breach of contract claims." Summary judgment was, therefore, also properly granted on all remaining claims.
 
 
 4
 AFFIRMED.